# Stewart *v.* Pittsburg, Cincinnati, Chicago & St. Louis Railway Company, Appellant (No. 1).

*Negligence—Railroads—Explosion of naphtha—Proximate and remote cause—Case for jury.*

A woman who was injured in her own house by an explosion of naphtha on the premises of a railroad company 400 feet away from her home, may recover damages from the railroad company, if it appears that the accident was due to the negligence of the company, and that the general explosion and its separated results were directly traceable to the original cause. In such a case it is immaterial whether the force that was directly applied to the injured woman was communicated to her through the earth tremor, or from the violent air waves deflected by a neighboring building.

Argued April 18, 1912. Appeal, No. 22, April T., 1912, by defendant, from judgment of C. P. No. 3, Allegheny Co., Aug. T., 1904, No. 114, on verdict for plaintiff in case of G. W. Stewart and Elizabeth Stewart v. Pittsburg, Cincinnati, Chicago & St. Louis Railway Company. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before EVANS, J.

At the trial it appeared that plaintiff was injured on May 12, 1902, while drawing water from a pump in her own house. The accident resulted from an explosion of

naphtha on the premises of the company defendant about: 400 feet distant from plaintiff's home. It was not denied, that the explosion was due to the negligence of the company's employees. See Gudfelder v. Railway Co., 207 Pa. 629, which grew out of the same accident.

The court refused binding instructions for defendant.

Verdict and judgment for plaintiff, Elizabeth Stewart, for $200, and for G. W. Stewart for $500. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*W. S. Dalzell,* of *Dalzell, Fisher & Hawkins,* for appellant, cited: Wood v. Pennsylvania R. R. Co., 177 Pa. 306; Hoag v. R. R. Co., 85 Pa. 293; Wall v. Lit, 195 Pa. 375.

*J. L. Ritchey,* with him *E. R. Goehring,* for appellees, cited: Gudfelder v. Ry. Co., 207 Pa. 629; Pennsylvania R. R. Co. v. Hope, 80 Pa. 373.

OPINION BY ORLADY, J., July 18, 1912:

The court below refused to charge the jury as requested that, "Under the evidence and the pleadings in the case the verdict must be for the defendant"—which action is the basis of the only assignment of error. The wife of the plaintiff in this case received injuries from an explosion of naphtha gas while she was in the act of drawing water from a well at her own home, which was located about 400 feet distant from the original source of the explosion, the effect of which was transmitted through a sewer constructed by the defendant company for the purpose of draining its railroad yard. An accident had happened to a car filled with naphtha, and resulted in the fluid running out onto the track and into the sewer. It became ignited by a ground-light in the track service of the company when an unusual explosion resulted, of such violence as to destroy houses, dislocate walls and

move heavy structural parts of buildings at a considerable distance from where the original accident occurred.

There is no question as to the extent of the defendant's injuries, the only contention of the appellant being, that there is not sufficient evidence to warrant a jury in finding that the negligent act of the company in being responsible for the explosion of the naphtha gas 400 feet distant from the plaintiff's home, was the proximate cause of her injuries. The accident was so unexpected and violent that no precaution could be taken by the railroad company to advise the plaintiff or others similarly situated of the danger, and it is conceded that the explosion referred to in this case is the same one as is considered in Gudfelder v. Ry. Co., 207 Pa. 629, in which the Supreme Court says: "The question of the defendant company's negligence was settled against it by the verdict, and is not raised here. The learned counsel for the defendant in support of their appeal maintain that the plaintiff's injuries were so remote as to preclude a recovery for the damages he sustained, and that the question of the facts was one of law for the court and not a fact for the jury."

After a full review of the facts and decided cases, it was stated, "We are clear that there was ample evidence in this case to warrant the jury in finding that the explosion resulting in the plaintiff's injuries was caused by the gas coming in contact with the fire carried through the sewer from the freight yard, and that the negligent act of the defendant's servants in causing the naphtha to be ignited, was the proximate cause of the injurious consequences to the plaintiff. Whether, therefore, that question was submitted to the court or to the jury, the finding of either tribunal must be against the defendant company." We must accept that conclusion as of binding authority on us. In that case the plaintiff was about 150 feet distant from the point where the explosion occurred; in this, the defendant's wife was 400 feet away. The injuries to all the parties were practically concurrent with a number of minor explosions. This case differs from

the Gudfelder one in but few particulars, which are only important as they may relate to proximate or independent causes.

Whether the force that was directly applied to Mrs. Stewart was communicated to her through the earth tremor or from the violent air waves deflected by a neighboring building, we do not think to be material, as there was evidence to sustain the plaintiff's contention that the general explosion and its separated results were directly traceable to the original cause, the difference in time being so small as not to be considered. The testimony in this case warranted the finding of the fact that there was but one general explosion evidenced by a number of minor manifestations.

The assignment of error is overruled and the judgment affirmed.